UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SAHIL RANA,<br><br>                           Petitioner,<br>          v.<br><br>PAM BONDI et al.,<br><br>                           Respondents. | CASE NO. 2:26-cv-00268-DGE<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 2) |

On January 22, 2026, Petitioner filed a petition for writ of habeas corpus and motion for temporary restraining order ("TRO").  (Dkt. Nos. 1, 2.)  Petitioner seeks to restrain Respondents from removing him from the Western District of Washington or from the United States without notice to and approval by the Court and further requests an order releasing him and preventing his re-detention absent a hearing.  (Dkt. No. 2 at 25–26.)  Petitioner alleges he has been in ICE detention since November 10, 2025.  (Dkt. No. 1 at 2.)  Among other things, Petitioner asserts he is detained in violation of the Due Process Clause of the Fifth Amendment.  (*Id.* at 6.)

On January 23, 2026, the Court issued its standard scheduling order. (Dkt. No. 4.) The scheduling order requires Respondents to file their return by February 6, 2026, and Petitioner to file his traverse no later than February 11, 2026. (*Id.* at 2.) The scheduling order further orders Respondents to provide Petitioner anywhere from 48 to 72 hours' notice prior to any action to move or transfer him from the district or remove him from the United States. (*Id.*) This scheduling order was entered pursuant to General Order 10-25 found at https://www.wawd.uscourts.gov/sites/wawd/files/General%20Order%2010-25%20re%20Immigration%20Habeas.1.pdf. General Order 10-25 was entered on December 18, 2025 after consultation and cooperation by various stakeholders, including the U.S. Attorney's Office, the Federal Defender's Office, and the Northwest Immigrant Rights Project.

The scheduling order already requires notice be provided before any transfer or removal attempt, and provides Petitioner opportunity to file for TRO in the event Respondents give notice of said transfer or removal. Therefore, Petitioner's motion for TRO is DENIED AS MOOT to the extent it requests that notice be given prior to any transfer or removal from the District. To the extent Petitioner asks for a different briefing schedule, the motion for TRO is DENIED because the Court finds an insufficient basis to require a different return and traverse schedule than that already identified in the scheduling order. The Court acknowledges Petitioner identifies he is scheduled for an "evidentiary hearing on January 28, 2026." (Dkt. No. 1 at 2.) That hearing may impact the stance of the issues raised in this petition, but the scheduled hearing alone is not a basis to grant or deny the petition. And importantly, at present the Court is unable to fully consider the merits of Petitioner's arguments because the record is incomplete.[1]

---

[1] Additionally, Petitioner signed the Petition, but below his signature appears the name of another individual, Yogesh Balwan. (Dkt. No. 1 at 10.) Petitioner should confirm in his traverse that this name was included in the petition by mistake.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 2) - 2

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 23rd day of January, 2026.

David G. Estudillo
United States District Judge

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 2) - 3